## FLOCKTON *v.* ALDRICH.

*(Superior Court of New York City, Special Term.* February 5, 1889.)

BENEVOLENT SOCIETIES—IMPROPER USE OF FUNDS—INJUNCTION.

A benevolent society, formed for the promotion of the interests of the theatrical profession, the constitution of which provides rules applicable to the admission of actors "in any part of the world" as members, will be enjoined *pendente lite* from expending money to be used in defraying the expenses of a committee to present to congress a memorial, recommending that the contract labor law be so amended as to prevent the importation of foreign actors under contract for a term of service in the United States, the purpose of the expenditure being foreign to the objects of the order.

On motion to dissolve injunction.

Action by C. P. Flockton against Louis Aldrich, president of the Edwin Forrest Lodge Actors' Order of Friendship to restrain the expenditure of $500 in sending a committeee to present to congress a memorial recommending that the contract labor law be so amended as to prevent the importation of foreign actors, except stars.

*John Delahunty*, for plaintiff.    *Robert G. Ingersoll*, for defendant.

DUGRO, J.   The question presented by the papers submitted is whether the Edwin Forrest Lodge, (an affiliated lodge of the Actors' Order of Friendship,) in ordering the sum of $500 to be paid to a certain "labor committee" for use in defraying the expenses of said committee in the city of Washington while endeavoring to influence the passage of an act of congress pending in the house of representatives, to amend what is known as the "Contract Labor Law," by including foreign-born actors in the provision of said law, prohib-

iting the entry into this country of persons arriving from other countries under contracts for a term of service in the United States, acted within the spirit of the provisions of the constitution and the objects of the association. No express warrant for the expenditure proposed to be made is to be found in the constitution, and, unless it be an expense for the purpose of promoting the interests of the theatrical profession, it is foreign to the objects of the lodge. The second object of the order is: "To improve the character and promote the interests of the theatrical profession." Reading this object in connection with the constitution, and particularly that part of it embraced in section 4, which prescribes the rules applicable to the admission of actors "in any part of the world" as members of the order, it is manifest that the "theatrical profession" referred to in the object stated included the profession in any part of the world. It is possible that the word "any" may not have a meaning which would refer to all parts of the world, but it certainly was intended to apply to parts of the world over which the United States congress has no jurisdiction. This construction of the words being the one which addresses itself convincingly to my mind, I am constrained to the view that the theatrical profession existing here, as well as in countries where our laws are not in force, is the profession referred to by the language used in the objects of the order. The theatrical profession, members of which were eligible for brotherhood in the order, is the profession referred to. This profession is one having members certainly in Europe, and probably elsewhere, and that it would be a promotion of its interests to further in congress the passage of such a law as is proposed I cannot conceive possible, nor is this claimed by plaintiffs. It seems to me that the injunction should be continued *pendente lite,* as the purpose for which it is proposed to make the expenditure is foreign to the provisions of the constitution and the objects of the order. Had the constitution contained no provision for the admission of actors in any part of the world as members of the order, the defendant's contention would probably have been effective.